IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-01210-REB-KLM

DAVID DUNHAM,

  Plaintiff,

v.

NEAT CAPITAL, INC., a Colorado corporation conducting business in Colorado,

  Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6)** [#9][1] (the "Motion"). Plaintiff filed a Response [#17] in opposition to the Motion, and Defendant filed a Reply [#18]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons stated below, the Court respectfully **RECOMMENDS** that the Motion [#9] be **DENIED in part and GRANTED in part**.

**I. Background**

Plaintiff alleges the following facts as the basis for his claims.[2] Plaintiff has worked in the mortgage banking industry for more than thirty years and was employed with Neat

---

[1] "[#9]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

[2] All well-pled facts from the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *See Barnes v. Harris*, 783 F.3d 1185, 1191-92 (10th Cir. 2015).

-1-

Capital, Inc., ("Defendant" or "Neat") as the Director of Operations from March 16, 2016, until Plaintiff's employment was terminated on October 28, 2016. *Compl.* [#3] ¶¶ 7-9. Plaintiff was fifty-eight years old at the time of his termination. *Compl.* [#3] ¶ 13. In January 2016, Plaintiff was recruited by Neat, and was receiving a salary of $100,000 per year, exclusive of benefits. *Id.* ¶ 9. During the course of his employment, Plaintiff was the only employee in the operations department and, as a result, Plaintiff often worked ten-to-fourteen hour days to complete all of his work. *Id.* ¶ 10. Plaintiff made multiple requests for additional assistance, but no assistance was provided. *Id.* Plaintiff performed his job diligently and received no negative reviews or warnings regarding his job performance. *Id.*

On October 28, 2016, due to health issues, Plaintiff requested time off via email. *Id.* ¶ 11. A few hours after sending the request, Plaintiff was informed that his employment was being terminated. *Id.* Plaintiff was informed by Neat founder and CEO Luke Johnson ("Johnson") that Plaintiff was being terminated as a result of his performance, specifically failing to perform his processing duties. *Id.* ¶ 12. Later, Mr. Johnson added additional reasons for Plaintiff's termination, including that Plaintiff failed to meet target sales and revenue goals in September and October. *Id.* However, these additional reasons were not included in Defendant's original termination letter to Plaintiff, and Plaintiff was not in a sales position and therefore did not have any sales or revenue goals. *Id.*

Plaintiff asserts that Defendant violated the Colorado Anti-Discrimination Act ("CADA") because Neat's basis for Plaintiff's "termination is completely inconsistent with his job performance with the company and was nothing more than an unlawful pretext for age discrimination." *Id.* ¶ 13. As a result, Plaintiff claims that Defendant's action against Plaintiff was consistent with "a pattern and practice of terminating older employees and

replacing them with younger employees." *Id.* ¶ 15. Plaintiff also alleges that following his termination, Defendant replaced Plaintiff "with an employee that was significantly younger than Mr. Dunham." *Id.* ¶ 14.

Plaintiff asserts only state law claims in this action. *Compl.* [#3] ¶¶ 16-31. Jurisdiction is proper based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Arlington Heights, Illinois, and Defendant is a Colorado corporation, with its principal place of business located in Boulder, Colorado. *Compl.* [#3] ¶¶ 1-2. Plaintiff also seeks an amount in controversy exceeding $75,000. *See* [#1-4] at 2.

The Motion [#9] seeks dismissal of Plaintiff's Complaint [#3] pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff agrees voluntarily to dismiss his Second Claim for Relief, Age Harassment, and Third Claim for Relief, Wrongful Termination, without prejudice. However, Plaintiff opposes dismissal of his First Claim for Relief, Age Discrimination. *See Response* [#17] at 1 n.1. Defendant contends that dismissal of this First Claim is appropriate because Plaintiff has not stated a plausible CADA claim.

## II. Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir.

1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

Defendant argues that Plaintiff's CADA claim should be dismissed because: (1) the allegations contained in the Complaint [#3] are conclusory; and (2) Plaintiff has failed to

plead the necessary elements of a CADA claim. *See Motion* [#9] at 5-6. At the outset, the Court notes that Defendant's request seeking dismissal of the First Claim of age discrimination borders on frivolous. While Plaintiff's allegations in the Complaint [#3] are sparse, case law is clear that detailed allegations of age discrimination are not required at this stage of the proceedings. *See generally Colo. Civil Rights Comm'n v. Big O Tires, Inc.*, 940 P.2d 397, 400 (Colo. 1997). However, Defendant's Motion [#9] also sought dismissal of Plaintiff's Second Claim and Third Claim, and, in response, Plaintiff did voluntarily dismiss those two claims. On this basis alone, the Court does not recommend imposing sanctions on Defendant for filing a motion to dismiss asserting a frivolous argument with respect to the First Claim.

Under CADA, "it shall be discriminatory . . . for an employer to refuse to hire, or discharge, to promote, or demote or to discriminate in matters of compensation against any person otherwise qualified because of handicap, race, creed, color, sex, age, national origin or ancestry . . . ." COLO. REV. STAT. § 24–34–402(1) (2017). "As relevant here, the federal counterpart to the Colorado Anti–Discrimination Act is the Age Discrimination in Employment Act of 1967 ("ADEA"). *George v. Ute Water Conservancy Dist.*, 950 P.2d 1195, 1197 (Colo. App. 1997) (citing 29 U.S.C. § 621, et seq., (1987)). "ADEA, as does [CADA], prohibits the discharge of an individual based on age." *Id.* The Court applies the same legal standard to age discrimination claims whether brought under CADA or under the ADEA. *See Bodaghi v. Dep't of Nat'l Res.*, 995 P.2d 288, 297-98 (Colo. 2000) (adopting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for use in CADA claims).

In order to sufficiently allege a prima facie case of age discrimination, a plaintiff must

show that (1) he belongs to a protected class; (2) he was qualified for the job at issue; (3) he suffered an adverse employment decision (e.g., discharge or demotion); and (4) the circumstances give rise to an inference of unlawful discrimination."[3] *Big O Tires, Inc.*, 940 P.2d at 400. While a plaintiff need not plead a prima facie claim of age discrimination to survive a motion to dismiss, the elements of a prima facie case "help to determine whether [the plaintiff] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191-92 (10th Cir. 2012).

With respect to the first prima facie element, the ADEA's prohibition "is limited to individuals who are at least forty years of age." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311-12 (1996) (internal quotation marks omitted). It is undisputed that Plaintiff was fifty-eight years old when the events described in the Complaint [#3] occurred. *See Compl.* [#3] ¶ 13. Thus, the Court finds that Plaintiff has sufficiently alleged the first element.

With respect to the second element, Plaintiff "need only establish that he does not suffer from 'an absolute or relative lack of qualifications at this stage of the case.'" *See Cortez v. Wal-Mart Stores, Inc.*, 460 F.3d 1268, 1274 (10th Cir. 2006) (quoting *E.E.O.C.*

---

[3] The Tenth Circuit has explained the requirements for a prima facie case of age discrimination under the ADEA in two related but slightly different ways. As described in *Kosak v. Catholic Health Initiatives of Colorado*, 400 F. App'x 363, 366 (10th Cir. 2010), a plaintiff is required to show that he "was doing satisfactory work and was discharged." However, in *Jones v. Oklahoma City Public Schools*, 617 F.3d 1273, 1277 (10th Cir. 2010)*,* the Tenth Circuit stated that a Plaintiff is required to show that he "was qualified for the position at issue" and "suffered an adverse employment action." Nonetheless, the two tests have been used interchangeably as equivalents. *See E.E.O.C. v. RadioShack Corp.*, 10-cv-02365-LTB-BNB, 2012 WL 2298403, at *4 (D. Colo. June 18, 2012) ("Other Tenth Circuit cases clarify that the formulations in *Jones* and *Kosak* are equivalent and interchangeable.") (citing *Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir. 1995)); *see also Roach v. Safeway, Inc.*, No. 12-cv-01239-RBJ, 2013 WL 1685837, at *3 n.2 (D. Colo. Apr. 18, 2013) ("The Tenth Circuit employs several related but slightly different iterations of the test for establishing a prima facie case of discrimination under the ADEA.").

*v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1194 (10th Cir. 2000)). Plaintiff alleges that he was "well qualified for his position." *Compl.* [#3] ¶ 17. Furthermore, Plaintiff had been "involved in the mortgage banking industry for over thirty years." *Id.* ¶ 7. During the course of his seven-month employment with Defendant, Plaintiff "worked diligently at his job and received no negative reviews or warnings regarding his job performance." *Id.* ¶ 10. Accordingly, the Court finds that Plaintiff's allegations are sufficient to satisfy the second element. *See Daviss v. Sch. Dist. Number 1*, No. 14-cv-00795-CMA-KMT, 2015 WL 5315615, at *3-4 (D. Colo. Aug. 24, 2015) (finding that the plaintiffs' allegations that they were "qualified for their positions" were sufficient to survive a motion to dismiss when they alleged that they had "been employed as auditors with the [defendant] for many years. . . [and] were able to do their jobs for their entire time . . . without being licensed CPAs").

With respect to the third element, "to be an adverse action, the employer's conduct must be materially adverse to the employee's job status." *See Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1212-13 (10th Cir. 2003) (internal quotation marks omitted). Defendant does not appear to dispute that termination of Plaintiff's employment was an adverse action. *Compl.* [#3] at 11; *Motion* [#9] at 5; *see Aluru v. Anesthesia Consultants*, 176 F. Supp. 3d 1116, 1124 (D. Colo. 2016) (stating it is undisputed that [plaintiff] suffered an adverse employment action when she was terminated). Thus, it is undisputed that Plaintiff has sufficiently alleged that he suffered an adverse employment action, and the Court therefore finds that Plaintiff has sufficiently alleged the third element.

As to the fourth element, Plaintiff has alleged that he was replaced by a "significantly" younger person. This allegation goes to circumstances which give rise to a inference of unlawful discrimination. While Plaintiff avers that Defendant replaced him,

Plaintiff does not specify the age of his replacement or any further facts regarding that person. *See Compl.* [#3] ¶ 14. At this early stage of the litigation, however, alleging that the employee who replaced him was "significantly younger" is sufficient. *Compare Adenowo v. Denver Pub. Sch.*, No. 14-cv-02723-RM-MEH, 2015 WL 4511924, at *3 (D. Colo. June 17, 2015) (finding that plaintiff's allegations that he was replaced by a "young" employee, without specifying the specific age, was sufficient to survive a motion to dismiss) *with Velez v. Infusion*, No. 15-cv-01174-MSK-MJW, 2016 WL 1275704, at *8 (D. Colo. Feb. 25, 2016) (dismissing the plaintiff's ADEA claim after the defendants' motion was converted to a motion for summary judgment and the Court considered supplemental materials submitted by plaintiff, because he still "offer[ed] no information about the ages of any of his colleagues and offer[ed] no facts to support a prima facie case of age discrimination"). Thus, the Court finds that Plaintiff has sufficiently alleged the fourth element.

The Court finds that Plaintiff has sufficiently alleged a prima facie case of age discrimination. By doing so, Plaintiff "has surpassed his burden at the pleading stage." *Vazirabadi v. Denver Pub. Schs.*, No. 17-cv-01194-WJM-MEH, 2018 WL 3707918, at *3 (D. Colo. Aug. 3, 2018). In short, Plaintiff has alleged that he was an older employee who was qualified for and was successfully performing his job, and who was terminated and replaced by a younger person. Based on these allegations, the Court finds that Plaintiff has set forth a plausible claim of age discrimination at this early stage of the case. *See Khalik*, 671 F.3d at 1191-92.

## IV. Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **RECOMMENDED** that Defendant's Motion [#9] be **DENIED in part**

and **GRANTED in part**. The Court **recommends** that the Motion be **denied** regarding Plaintiff's First Claim under the CADA. The Court **recommends** that the Motion be **granted** regarding Plaintiff's Second Claim and Third Claim, based on the parties' agreement that these claims should be **dismissed without prejudice**. *See Response* [#17] at 1 n.1; *Reply* [#18] at 1.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: October 22, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge